UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
IN RE:

Syed Shah

CHAPTER 13
CASE NO.: 22-73294

DEBTOR(S).
-----------------------------------------------------------X

# CHAPTER 13 PLAN

Effective 12/01/2019

☑ Check this box if this is an amended plan. List below the sections of the plan which have been changed:

<u>Monthly payment amount increased as per secured creditor</u>

## PART 1: NOTICES

**To Debtors:** This form sets out options that may be appropriate in some cases, but the presence of an option on the form does not indicate that the option is appropriate in your circumstance or that it is permissible in your judicial district. Plans that do not comply with the local rules for the Eastern District of New York may not be confirmable. If you do not have an attorney, you may wish to consult one.

**To Creditors:** Your rights may be affected by this plan. Your claim may be reduced, modified, or eliminated. You should read this plan carefully and discuss it with your attorney. If you do not have an attorney, you may wish to consult one. If you oppose the plan's treatment of your claim or any provision of this plan, you or your attorney must file an objection to confirmation at least 7 days before the date set for the hearing on confirmation, unless otherwise ordered by the Bankruptcy Court. The Bankruptcy Court may confirm this plan without further notice if no objection to confirmation is filed. See Bankruptcy Rule 3015. In addition, you may need to file a timely proof of claim in order to be paid under any plan.

**1.1:** The following matters may be of particular importance. ***Debtors must check one box on each line to state whether or not the plan includes each of the following items. If an item is checked as "Not Included" or if both or neither boxes are checked, the provision will be ineffective if set out later in the plan.***

| a. | A limit on the amount of a secured claim, set out in Section 3.4, which may result in a partial payment or no payment at all to the secured creditor | ☐ Included | ☑ Not included |
|---|---|---|---|
| b. | Avoidance of a judicial lien or nonpossessory, non-purchase-money security interest, set out in Section 3.6 | ☐ Included | ☑ Not included |
| c. | Nonstandard provisions, set out in Part 9 | ☐ Included | ☑ Not Included |

**1.2:** The following matters are for informational purposes.

| a. | The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence, set out in Section 3.3 | ☐ Included | ☑ Not included |
|---|---|---|---|
| b. | Unsecured Creditors, set out in Part 5, will receive 100% distribution of their timely filed claim | ☑ Included | ☐ Not included |

## PART 2: PLAN PAYMENTS AND LENGTH OF PLAN

**2.1:** The post-petition earnings of the debtor(s) are submitted to the supervision and control of the Trustee and the Debtor(s) shall pay to the Trustee for a period of months as follows:

$ _1500.00_ per month commencing __12/01/2022__ through and including __12/01/2022__ for a period of __1__ months; and

$ _1150.00_ per month commencing __01/01/2023__ through and including __01/01/2023__ for a period of _____ months.

☑ Continued on attached separate page(s).

### 2.2: Income tax refunds.

If general unsecured creditors are paid less than 100%, as provided in Part 5 of this plan, then during the pendency of this case, the Debtor(s) will provide the Trustee with signed copies of filed federal and state tax returns for each year commencing with the tax year_____, no later than April 15th of the year following the tax period. **In addition to the regular monthly plan payments**, indicated tax refunds are to be paid in full to the Trustee upon receipt, however, no later than June 15th of the year in which the tax returns are filed.

### 2.3: Additional payments.

*Check one.*
- ☑ **None.** If "None" is checked, the rest of §2.3 need not be completed.
- ☐ Debtor(s) will make additional payment(s) to the Trustee from other sources, as specified below. Describe the source, estimated amount, and date of each anticipated payment.

_____
_____

## PART 3: TREATMENT OF SECURED CLAIMS

### 3.1: Maintenance of payments (including the debtor(s)'s principal residence).

*Check one.*
- ☐ **None.** If "None" is checked, the rest of §3.1 need not be completed.
- ☑ Debtor(s) will maintain the current contractual installment payments on the secured claims listed below, with any changes required by the applicable contract and noticed in conformity with any applicable rules. These payments will be disbursed directly by the debtor(s).

| Name of Creditor | Last 4 Digits of Account Number | Principal Residence (check box) | Description of Collateral | Current Installment Payment (including escrow) |
|---|---|---|---|---|
| Fay Servicing | 2049 | ☑ | 1 Lilac Lane, Holtsville N | 2485.00 |
| Capital One | 4974 | ☐ | 2019 Honda Accord | 302.00 |

☐ Continued on attached separate page(s).

**3.2 : Cure of default (including the debtor(s)'s principal residence).**

*Check one.*
☐ **None.** *If "None" is checked, the rest of §3.2 need not be completed.*
☑ Any existing arrearage on a listed claim will be paid in full through disbursements by the trustee, with interest, if any, at the rate stated below. Unless otherwise ordered by the court, the amounts listed on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) control over any contrary amounts listed below. In the absence of a contrary timely filed proof of claim, the amounts listed below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Principal Residence (check box) | Description of Collateral | Amount of Arrearage | Interest Rate (if any) |
|---|---|---|---|---|---|
| Fay Servicing | 2049 | ☑ | 1 Lilac lane Hicksville NY | 70,930 | 6.25% |
|  |  | ☐ |  |  |  |

☐ Continued on attached separate page(s).

**3.3 : Modification of a mortgage secured by real property of the debtor(s).**

*Check one.*
☑ The debtor(s) is not seeking to modify a mortgage secured by a property of the debtor(s).
☐ The debtor(s) is seeking to modify a mortgage secured by the debtor(s)'s principal residence and shall serve and file a Loss Mitigation Request under the Court's Loss Mitigation Program pursuant to General Order #676. *Complete the paragraph below.*
The mortgage due to_____(creditor name) on the property known as_____ (property address) under account number ending x_____(last four digits of account number) is in default. All arrears, including all past due payments, late charges, escrow deficiency, legal fees and other expenses due to the mortgagee totaling $_____(total amount of arrearage), may be capitalized pursuant to a loan modification. The new principal balance, including capitalized arrears will be $_____(current total balance), and will be paid at _____% interest amortized over_____years with an estimated monthly payment of $_____(total proposed monthly modified payment) including interest and escrow of $_____(escrow portion of monthly payment). The estimated monthly payment, including proposed principal, interest, and escrow, shall be paid directly to the trustee while loss mitigation is pending and until such time as the debtor(s) has commenced payment under a trial loan modification. Contemporaneous with the commencement of a trial loan modification, the debtor(s) will amend the Chapter 13 Plan and Schedule J to reflect the terms of the trial agreement, including the direct payment to the secured creditor going forward by the debtor(s).
☐ Continued on attached separate page(s).
☐ The debtor(s) is seeking to modify a mortgage outside of the Court's Loss Mitigation Program and shall file a status letter on loss mitigation efforts seven (7) days prior to each scheduled Hearing on Confirmation. *Complete the paragraph above.*
☐ The debtor(s) has been offered and accepted a trial loan modification. *Complete the paragraph below.*
The mortgage due to_____(creditor name) on the property known as_____ (property address) under account number ending x_____(last four digits of account number) is in default as of this date. The Debtor(s) has accepted a trial loan modification. Monthly payments under the trial period plan, in the amount stated in Section 3.1 above, shall be paid directly to the secured creditor commencing on_____, ____

and shall continue until a permanent modification agreement is authorized by the Court. Upon such Court authorization, except as otherwise expressly provided by Court Order, the Trustee is directed to cease any further disbursements on account of arrearage due on the claim of _____. The proof of claim affected by this paragraph is reflected on the Court's Claims Register as Claim #_____, originally filed for the benefit of _____ on _____, _____ in the total amount of $_____. After Court authorization of the permanent modification agreement, if all other requirements for confirmation are satisfied, this plan may be confirmed without further amendment incorporating the order only if this plan is timely served upon the secured creditor on the address for notices indicated on the proof of claim.

☐ Continued on attached separate page(s).

### 3.4: Request for valuation of security, payment of fully secured claims, and modification of under-secured claims.

*Check one.*

☑ **None.** *If "None" is checked, the rest of §3.4 need not be completed.*

*The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) shall file a motion to determine the value of the secured claims listed below. Such claim shall be paid pursuant to order of the court upon determination of such motion. This paragraph shall not modify liens underlying any secured claims under non-bankruptcy law absent an order determining such motion, and until either completion of payments under the plan or entry of discharge of the debtor(s), as determined by the Court.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral | Value of Collateral | Total Amount of Claim | Estimated Amount of Creditor's Secured Claim | Estimated Amount of Creditor's Unsecured Claim |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

☐ Continued on attached separate page(s).

### 3.5: Secured claims on personal property excluded from 11 U.S.C. §506.

*Check one.*

☑ **None.** *If "None" is checked, the rest of §3.5 need not be completed.*
☐ The claims listed below were either:
  ☐ Incurred within 910 days before the petition date and secured by a purchase money security interest in a motor vehicle acquired for the personal use of the debtor(s); or
  ☐ incurred within 1 year of the petition date and secured by a purchase money security interest in any other thing of value.

These claims will be paid pursuant to §3.1 and/or §3.2. (The claims must be referenced in those sections as well.) Unless otherwise ordered by the court, the claim amount stated on a proof of claim filed before the filing deadline under Bankruptcy Rule 3002(c) controls over any contrary amount listed below. In the absence of a contrary timely filed proof of claim, the amounts stated below are controlling.

| Name of Creditor | Last 4 Digits of Acct No. | Collateral | Amount of Claim | Interest Rate |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

☐ Continued on attached separate page(s).

### 3.6 : Lien avoidance.

*Check one.*

☑ **None.** *If "None" is checked, the rest of §3.6 need not be completed.*

*The remainder of this paragraph is only effective if the applicable box in Part 1 of this plan is checked.*

☐ The debtor(s) shall file a motion to avoid the following judicial liens or nonpossessory, non-purchase money security interests as the claims listed below impair exemptions to which the debtor(s) are entitled under 11 U.S.C. §522(b) or applicable state law. See 11 U.S.C. §522(f) and Bankruptcy Rule 4003(d). Such claim shall be paid pursuant to order of the court upon determination of such motion.

| Name of Creditor | Attorney for Creditor | Lien Identification | Description of Collateral | Estimated Amount of Secured Claim | Interest Rate on Secured Portion, if any | Estimated Amount of Unsecured Claim |
|---|---|---|---|---|---|---|
|  |  |  |  |  |  |  |
|  |  |  |  |  |  |  |

☐ Continued on attached separate page(s).

### 3.7 : Surrender of collateral.

*Check one.*

☑ **None.** *If "None" is checked, the rest of §3.7 need not be completed.*

☐ The debtor(s) elect to surrender to each creditor listed below the collateral that secures the creditor's claim. The debtor(s) request that upon confirmation of this plan the stay under 11 U.S.C. §362(a) be terminated as to the collateral only and that the stay under 11 U.S.C. §1301 be terminated. Any timely filed allowed unsecured claim resulting from the disposition of the collateral will be treated in Part 5 below.

| Name of Creditor | Last 4 Digits of Acct No. | Description of Collateral |
|---|---|---|
|  |  |  |
|  |  |  |

## PART 4: TREATMENT OF FEES AND PRIORITY CLAIMS

### 4.1: General.

Trustee's fees and all allowed priority claims, including domestic support obligations other than those treated in §4.5, will be paid in full without post-petition interest.

### 4.2: Trustee's fees.

Trustee's fees are governed by statute and may change during the course of the case.

### 4.3: Attorney's fees.

The balance of the fees owed to the attorney for the debtor(s) is $ 1400.00.

### 4.4: Priority claims other than attorney's fees and those treated in §4.5.

Check One.
- ☐ None. If "None" is checked, the rest of §4.4 need not be completed.
- ☐ The debtor(s) intend to pay the following priority claims through the plan:

| Name of Creditor | Estimated Claim Amount |
|---|---|
| Internal Revenue Service | 2450.00 |

☐ Continued on attached separate page(s).

### 4.5: Domestic support obligations.

Check One.
- ☑ None. If "None" is checked, the rest of §4.5 need not be completed.
- ☐ The debtor(s) has a domestic support obligation and is current with this obligation. Complete table below; do not fill in arrears amount.
- ☐ The debtor(s) has a domestic support obligation that is not current and will be paying arrears through the Plan. Complete table below.

| Name of Recipient | Date of Order | Name of Court | Monthly DSO Payment | Amount of Arrears to be Paid through Plan, If Any |
|---|---|---|---|---|
|  |  |  |  |  |
|  |  |  |  |  |

## PART 5: TREATMENT OF NONPRIORITY UNSECURED CLAIMS

Allowed nonpriority unsecured claims will be paid pro rata:

- ☐ Not less than the sum of $_____.
- ☑ Not less than __100.00__ % of the total amount of these claims.
- ☐ From the funds remaining after disbursement have been made to all other creditors provided for in this plan.

If more than one option is checked, the option providing the largest payment will be effective.

## PART 6: EXECUTORY CONTRACTS AND UNEXPIRED LEASES

**6.1:** The executory contracts and unexpired leases listed below are assumed and will be treated as specified. All other executory contracts and unexpired leases are rejected.

Check one.
- ☐ **None.** If "None" is checked, the rest of §6.1 need not be completed.
- ☐ **Assumed items.** Current installment payments will be paid directly by the debtor(s) as specified below, subject to any contrary court order or rule. Arrearage payments will be disbursed by the trustee.

| Name of Creditor | Description of Leased Property or Executory Contract | Current Installment Payment by Debtor | Amount of Arrearage to be Paid by Trustee |
|---|---|---|---|
| Hyandai Auto Finance | Hyundai Sante Fe (2021) | 679.00 | none |

## PART 7: VESTING OF PROPERTY OF THE ESTATE

Unless otherwise provided in the Order of Confirmation, property of the estate will vest in the debtor(s) upon completion of the plan.

## PART 8: POST-PETITION OBLIGATIONS

**8.1:** Post-petition mortgage payments, vehicle payments, real estate taxes, and domestic support obligations are to be made directly by the debtor(s) unless otherwise provided for in the plan.

**8.2:** Throughout the term of this Plan, the debtor(s) will not incur post-petition debt over $2,500.00 without written consent of the Trustee or by order of the Court.

## PART 9: NONSTANDARD PLAN PROVISIONS

9.1: Check "None" or list nonstandard plan provisions.

☐ **None.** *If "None" is checked, the rest of §9.1 need not be completed.*

Under Bankruptcy Rule 3015(c), nonstandard provisions must be set forth below. A nonstandard provision is a provision not otherwise included in the form plan or deviating from it. Nonstandard provisions set out elsewhere in this plan are ineffective.

The following plan provisions will be effective only if there is a check in the box "included" in §1.1(c).

_____
_____
_____
_____
_____

## PART 10: CERTIFICATION AND SIGNATURE(S):

10.1: I/we do hereby certify that this plan does not contain any nonstandard provisions other than those set out in the final paragraph.

/s/ _____
Signature of Debtor 1

Dated: 12/12/22

_____
Signature of Debtor 2

Dated: _____

/s/ _____
Signature of Attorney for Debtor(s)

Dated: 12/13/22

Syed Shah – case no. 22-73294

Addendum to Paragraph 2.1

$ 1220.00 per month commencing 02/01/23 through and including 11/01/2027 for a period of 58 months

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------------X
In re:

    SYED M. SHAH,

Case No.: 22-73294 (las)

CHAPTER 13

                  Debtor.
-----------------------------------------------------------------X

## CERTIFICATE OF SERVICE

Michael L. Previto, an attorney duly admitted to practice law before the courts of the State of New York, knowing the penalties for perjury, hereby affirms that I am not a party and am over the age of 18.

That on the 19th day of January 2023, I served a copy of the attached **AMENDED CHAPTER 13 PLAN** and **ALL** supporting documents by depositing a true copy thereof in the custody and control of the United States Mail to the parties listed hereunder. That further, a copy of all papers, were filed electronically in the ECF system and by **overnight mail**. I declare under penalty of perjury that the foregoing is true and correct.

Dated: January 19, 2023

                                                          Michael L. Previto
                                                          *Attorney for Debtor*
                                                          150 Motor Parkway, Suite 401
                                                          Hauppauge, NY 11788
                                                          (631) 379-0837

To:    Michael J. Macco, Esq.
           2950 Express Drive South, Suite 109
           Islandia, NY 11749

           Internal Revenue Service
           PO Box 7346
           Philadelphia, PA 19101

           Michael L. Previto, Esq.
           150 Motor Parkway, Suite 401
           Hauppauge, NY 11788

1

Fay Servicing, LLC
1601 Lyndon B. Johnson Fwy.
Farmers Branch, TX 75234

Capital One Auto Finance
PO Box 660068
Sacramento, CA 95855

Hyundai Motor Finance
PO Box 650805
Dallas, TX 75265